REQUESTED BY: Senator Ray E. Lundy Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Lundy:
We are in receipt of your letter of July 13, 1984, informing us of your desire to accept temporary appointment as the Holdrege City Administrator.
In your letter you call to our attention the provisions of Article III, Section 9 of the Nebraska Constitution and ask whether or not in our opinion this constitutional provision would prohibit your accepting this temporary position.
We agree with the research you have furnished that such a position is not an office within the meaning of Article III, Section 9, and that therefore this constitutional language would not prohibit your temporarily accepting such a position. We suggest, however, that there is a distinction between the position of City Administrator and City Manager, and our opinion in this regard is limited to the question of whether or not you might serve as temporary City Administrator.
We also note in passing the language of Article III, Section 16 of the Nebraska Constitution which provides:
 No member of the Legislature or any state officer shall have a conflict of interest, as defined by the Legislature, directly in any contract, with the state or any county or municipality thereof, authorized by any law enacted during the term for which he shall have been elected or appointed, or within one year after the expiration of such term.
It would appear to us that the contract of employment between yourself and the City of Holdrege would not have been authorized by `any law enacted during the term for which you shall have been elected or appointed.' However, since this constitutional provision provides further: `The Legislature shall prescribe standards and definitions for determining the existence of such conflicts of interest in contracts,' we call it to your attention and suggest that you may want to make further inquiry of the Legislature itself as to whether or not any definitions have been formulated which would be different that the observation expressed above.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General